UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY WAYNE RICHMOND,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

CASE NO. 3:19-cv-05906-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 1, 2020

    The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentences. The Court concludes that ground one of the petition is time-barred and should be dismissed with prejudice. The Court concludes that petitioner failed to properly exhaust his state court remedies as to ground two; however, a state remedy remains available to petitioner. Therefore, the Court recommends that ground two be dismissed without prejudice.

**BACKGROUND**

Petitioner is in the custody of the Washington Department of Corrections ("DOC") pursuant to two valid Pierce County Superior Court convictions. Dkt. 16, Exhibit 1.

On the first conviction, a jury found petitioner guilty of first-degree rape. Dkt. 16, Ex. 1. On May 18, 1982, petitioner was sentenced to a maximum term of life. Dkt. 16, Ex. 1 (1981 conviction). In 1995, while petitioner was on parole for his 1981 conviction, he committed assault and burglary. Dkt. 16, Ex. 4 (1995 conviction). Petitioner pleaded guilty to burglary in the second-degree and assault in the third-degree. Dkt. 16, Ex. 2. Petitioner was sentenced in 1996 to 120 months on the burglary count and 60 months on the assault count, to run consecutively. Dkt. 16, Ex. 2 at 6. Petitioner's parole was also revoked. *See id.* Pursuant to Wash. Rev. Code § 9.94A.589 (2)(a), the second sentence runs consecutively to the first sentence.

Petitioner is currently serving the confinement term on the 1981 conviction and is under the jurisdiction of the Indeterminate Sentence Review Board ("ISRB"). Dkt. 16, Ex. 3 at 1. In September 2019, the ISRB determined that petitioner was not releasable to his 1995 conviction because he denied his offenses and refused sex offender treatment. Dkt. 16, Ex. 4.

On September 2, 2019, petitioner filed this petition pursuant to § 2254. Dkts. 1, 9. Petitioner states that he is challenging the 1995 conviction of burglary and assault. Dkt. 9 at 1. Petitioner raises two grounds for relief: (1) the victim committed perjury and falsely accused petitioner and petitioner was coerced into pleading guilty in the 1995 conviction and (2) the ISRB forced plaintiff to complete a sex offender treatment program which affects the start date of his second 1995 conviction. Dkt. 9.

On February 12, 2020, respondent filed an answer, wherein he maintains that ground one of the petition is time-barred and ground two is unexhausted. Dkt. 15. Petitioner did not file a traverse.

**PROCEDURAL HISTORY**

The state court records of petitioner's direct appeal and first two PRPs are not available as records are destroyed 15 years after closure of the case per the state court's retention schedule. *See* Dkt. 15 at 3, fn. 2. Therefore, the Court references the ACORDS docket sheet. Dkt. 16, Ex. 7; Ex. 8.

Petitioner appealed his 1981 conviction of first-degree rape. *See State v. Richmond*, 38 Wash. App. 1004 (1984). The Washington Supreme Court denied review on October 5, 1984. Ex. 6; *State v. Richmond*, Washington Supreme Court Cause No. 50814-3; s*ee also State v. Richmond*, 102 Wn.2d 1017 (1984). Petitioner filed his first personal restraint petitions ("PRP") one in 1991 and the second in 1994. Dkt. 16, Ex. 7; Ex. 8. The Washington Court of Appeals dismissed both PRPs. *See id*.

In February 2012, petitioner filed two more PRPs. Dkt. 16, Ex. 9; Ex. 10; Ex. 11. The Washington Court of Appeals consolidated and dismissed petitioner's third and fourth PRPs. Dkt. 16, Ex. 12. Petitioner did not move for discretionary review and a certificate of finality was issued on January 18, 2013. Dkt. 16, Ex. 13.

**I.    Discussion**

*A.   Grounds Raised in the Petition*

The petition improperly attempts to combine an attack on petitioner's 1995 conviction of burglary and assault (ground one) with a challenge to the ISRB's 2019 decision denying him parole of his 1981 conviction of rape (ground two). Dkt. 9. Because ground two challenges the ISRB's 2019 decision rather than the underlying 1995 conviction of burglary and assault, it

should be brought in a separate petition. *See Orozco v. Clark*, 705 F. Supp. 2d 1158, 1169 n. 5 (C.D. Cal. 2010) (citations omitted); *Williams v. Sisto*, 2009 WL 3300038, *12 (E.D. Cal. Oct. 14, 2009) ("Petitioner may not properly challenge both the Board's decision to deny him parole as well as his underlying conviction in the same habeas corpus action."); *Chavez v. Curry*, 2007 WL 4462939, *2 (N.D. Cal. Dec. 17, 2007) ("Petitioner cannot include a claim ... going to the conviction[ ] in the same petition with claims going to the denial of parole."). Nevertheless, to prevent unnecessary delay, the Court will construe the petition as two consolidated petitions – one attacking petitioner's 1995 conviction of burglary and assault and the second challenging the ISRB's 2019 decision. *See Lang v. Hernandez*, 2011 WL 941318, at *1 (C.D. Cal. Feb. 9, 2011), *report and recommendation adopted*, 2011 WL 938708 (C.D. Cal. Mar. 15, 2011)

*B. Ground One - Statute of Limitations*

Given the age of petitioner's conviction, many of the court records have been destroyed per state court retention rules. Dkt. 15 at 2 fn. 1. Due to the destruction of petitioner's court records, respondent was not able to determine whether petitioner exhausted his first ground for relief. *Id.* at 4. Nevertheless, respondent argues that ground one of the petition is barred by the statute of limitations. Dkt. 15 at 6-8.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Where a conviction became final before the passage of the AEDPA, the statute of limitations began to run on April 24, 1996. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *cert. denied*, 119 S. Ct. 1377 (1999); *Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999).

Here, the Washington Supreme Court denied review on October 5, 1984. Dkt. 16, Ex. 6. Because petitioner's 1981 conviction and sentence became final prior to the passage of the AEDPA in 1996, the statute of limitations started running on April 24, 1996 and expired on April 24, 1997. *See Calderon*, 128 F.3d at 1287. Petitioner did not file the petition until 2019, which was over 20 years after the limitations period expired. *See* Dkts. 1, 9. As the record reflects that the petition was filed after the statute of limitations had run, ground one of the petition is untimely.

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner's first two PRPs were dismissed in 1991 and 1994, Dkt. 16, Ex. 7, 8, which was before the AEDPA statute of limitations which began running in 1996. As such, petitioner's first two PRPs do not toll the limitation period. *See Waldrip v. Half* 548 F.3d 729, 735 (9th Cir. 2008) (state habeas petition that was denied before the AEDPA limitations period had started to run had no effect on the timeliness of the federal petition). Petitioner's third and fourth PRPs were filed in 2012, however, once the AEDPA limitations period has run, a collateral relief action cannot revive it. *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner is not entitled statutory tolling.

The AEDPA limitations period is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 9.

Therefore, petitioner fails to show that he is entitled to statutory or equitable tolling, and ground one of the petition is barred by the AEDPA limitations period. The Court recommends that ground one challenging petitioner's conviction of burglary and assault be dismissed with prejudice as untimely.

*C. Ground Two – ISRB 2019 Decision*

Respondent argues that petitioner failed to exhaust his second ground for relief, but that state remedies remain available. Dkt. 15 at 8-10.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges the ISRB's 2019 decision. Dkt. 9. He acknowledges in the petition that he has not filed a direct appeal and has not sought further review by a higher state court. Dkt. 9. Because the state courts have not yet had a full and fair opportunity to consider the merits of petitioner's second ground for relief, ground two is unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

If there is a state remedy available, petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas

petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Respondent concedes that there is a state remedy available. Dkt. 15. Petitioner has not yet filed a PRP or state habeas petition challenging the ISRB's 2019 decision. Washington state imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. Because petitioner failed to properly exhaust his state remedies and state remedies remain available to him, the undersigned recommends that ground two be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

**II. Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

**III. Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

(COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## IV. Conclusion

Ground one of the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. The Court recommends dismissing ground two without prejudice as unexhausted. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 1, 2020 as noted in the caption.

Dated this 9th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge